**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| TAMARA S. WITT, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.:2:14-CV-443-JEM |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security | ) | |
| Administration, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Commissioner's Motion for Remand for Further Proceedings Pursuant to Sentence Four of 42 U.S.C. § 405(g) [DE 18], filed by the Commissioner on June 29, 2015. Plaintiff filed a response on July 7, 2015, and on July 14, 2015, the Commissioner filed a reply. On July 17, 2015, Plaintiff moved for leave to file a sur-reply to the instant Motion. On August 5, 2015, this Court granted that request, and on August 7, 2015, Plaintiff filed her sur-reply.

**A.     Procedural Background**

On February 7, 2012, Plaintiff filed an application for disability insurance benefits with the U.S. Social Security Administration ("SSA"). Plaintiff claims that she is disabled and unable to work due to a combination of Graves' disease, depression, anxiety, light sensitivity, severe headaches, pain behind her eyes, double vision, upper back pain, left shoulder pain, and left arm pain. Plaintiff's initial application was denied. On April 30, 2013, Administrative Law Judge ("ALJ") Henry Kramzyk held a hearing, and on August 6, 2013, he issued a decision finding that Plaintiff was not disabled. On October 2, 2014, The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner.

On December 3, 2014, Plaintiff filed a Complaint seeking reversal of the adverse SSA determination. On April 1, 2015, the parties filed consent forms assigning the case to the undersigned United States Magistrate Judge to conduct all further proceedings and to order entry of a final judgement. Accordingly, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

On April 17, 2015, Plaintiff filed a brief requesting that the matter be reversed and remanded with full benefits paid, or alternatively, reversed and remanded to the SSA for further proceedings. The Commissioner did not directly respond to Plaintiff, but instead, filed the instant Motion moving for remand to the SSA for further proceedings pursuant to sentence four of Section 405(g) of the Social Security Act.

**B.    Standard of Review**

The Social Security Act authorizes judicial review of a final decision of the SSA. 42 U.S.C. § 405(g). Under sentence four of Section 405(g), federal courts have "the power to enter, upon the pleadings and transcript of record, a judgement affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a hearing." 42 U.S.C. § 405(g). At minimum, proper resolution of the Commissioner's decision requires that the ALJ explain his specific reasons for accepting or rejecting the proffered medical evidence and articulate his analysis of that evidence in order to allow the reviewing court to trace the path of his reasoning and to be assured that the ALJ considered the relevant evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595–96 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final

decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595)); *see also O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010) ( "An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."). A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999).

**C.     Analysis**

In this case, the parties agree that there were multiple errors in the ALJ's decision denying Plaintiff's claim for benefits and that a reversal and remand of the Commissioner's decision is warranted. The dispute is over the grounds for reversal and remand and what concomitant instructions the ALJ should be provided. The Commissioner requests reversal and remand pursuant to sentence four of Section 405(g) and a de novo hearing with an entry of a new decision by the ALJ. The Commissioner proposes that on remand the Court order the ALJ to "further consider the opinions of Drs. Lewyckyj and Muhrez, further evaluate the claimant's credibility, further evaluate the claimant's residual functional capacity, and if warranted, obtain supplemental vocational expert evidence." Plaintiff contends that this proposed language is insufficient. Plaintiff requests that the Court reverse and remand with full benefits paid, or alternatively, reverse and remand with an order directing the ALJ to address the issues raised in her brief: (1) to further consider the opinions of Drs. Lewyckyj and Dr. Muhrez; (2) to further evaluate Plaintiff's credibility; (3) to further evaluate the claimant's residual functional capacity, and if warranted, obtain supplemental vocational expert evidence; (4) to resolve any conflicts between the Dictionary of Occupational Titles and the vocational expert's responses to interrogatories; (5) to reexamine whether Plaintiff suffered from

a medically determinable mental impairment; (6) to account for Plaintiff's need for up-lighting; (7) to reevaluate whether there are limitations attendant to Plaintiff's left shoulder and left arm pain; (8) and, if necessary, to obtain supplemental vocational expert testimony to assist in determining what jobs exist in significant numbers for Plaintiff in the national economy.

Although Plaintiff argues that the Commissioner's proposed remand language does not address the arguments she raises in her brief, the requirement that the ALJ reevaluate the opinions of Dr. Lewyckyj and Dr. Muhrez, further evaluate the claimant's credibility, further evaluate the claimant's residual functional capacity, and if warranted, obtain supplemental vocational expert evidence necessarily encompasses those arguments and adequately reflects the agreed upon errors in the ALJ's initial decision. *Degrazio v. Colvin*, 558 Fed. Appx. 649, 650–51 (7th Cir. 2014) (holding that a sentence four remand "depends on a finding of error in the Commissioner's decision."). Indeed, the requirement that the ALJ further evaluate Plaintiff's RFC ensures that her multiple claims of pain and light sensitivity are properly incorporated into the RFC, especially in light of the requirement that he reevaluate Dr. Lewyckyj's and Dr. Muhrez's opinions.

Plaintiff also requests that the Court reverse the Commissioner's decision and remand for an award of benefits. However, an award of benefits is not proper when there remain outstanding factual issues, *Briscoe v. Barnhart*, 425 F.3d 345, 356 (7th Cir. 2005), and the record does not yet support a finding of disability. *Allord v. Asture*, 631 F.3d 411, 417 (7th Cir. 2011). In this case, the parties agree that the ALJ failed to properly weigh the entirety of the record. That the ALJ failed to properly weigh the evidence of Dr. Lewyckyj and Dr. Muhrez does not support a finding by this Court that the evidence demonstrates Plaintiff's disability under the Social Security Act. *See Clifford*, 227 F.3d at 869 (reasoning that a court in its review of the entire administrative record does

4

not reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for that of SSA). On remand, the ALJ must review the record and fully explain how all of Plaintiff's limitations are accounted for, supported by evidence, and incorporated by into her RFC. In this case, because the ALJ has not properly weighed all the relevant evidence, this can only be resolved through a remand for further proceedings.

**D.     Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** the Commissioner's Motion for Remand for Further Proceedings Pursuant to Sentence Four of 42 U.S.C. § 405(g) [DE 18], **REVERSES** the Administrative Law Judge's decision, and **REMANDS** this matter to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) consistent with this opinion.

The Court **DIRECTS** the Clerk of Court to **ENTER JUDGMENT** in favor of Plaintiff and against the Commissioner.

So ORDERED this 5th day of February, 2016.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:     All counsel of record