# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

TAMARA S. WITT,               )
        Plaintiff,           )
                              )
        v.                   )        CAUSE NO.: 2:14-CV-443-JEM
                              )
CAROLYN W. COLVIN, Acting      )
Commissioner of the Social Security      )
Administration,             )
        Defendant.         )

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Attorneys' Fees Under the Equal Access to Justice Act [DE 26], filed by Plaintiff on May 4, 2016. On May 18, 2016, the Commissioner filed a response, and on May 24, 2016, Plaintiff filed a reply.

## I.      Procedural Background

On February 5, 2016, the Court issued an Opinion and Order entering judgment in Plaintiff's favor and remanding the case for new proceedings. In the instant Motion, Plaintiff seeks attorney's fees for 54.6 hours of work at a rate of $184.00 per hour, and 1.0 hours of legal staff fees at $95.00 per hour, for a total of $10,045.05 The Commissioner objects, arguing that Plaintiff failed to justify the rate requested and failed to show that certain billed hours were reasonably expended.

## II.      Analysis

The Equal Access to Justice Act (EAJA) allows a prevailing plaintiff to recover reasonable attorney's fees incurred in litigation against the Commissioner of Social Security "unless the court finds that the position of the [Commissioner] was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 155 (1990); *Golembiewski v. Barnhart*, 382 F.3d 721, 723 (7th Cir. 2004). An application for

attorney's fees must be filed within thirty days of a court's final judgment and must satisfy the following requirements: (1) show that the applicant is a "prevailing party;" (2) show that the applicant is "eligible to receive an award;" (3) show that "the amount sought, including an itemized statement from [the] attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed;" and (4) "allege that the position of the [Commissioner] was not substantially justified." 28 U.S.C. § 2412(d)(1)(B); *see also Scarborough v. Principi*, 541 U.S. 401, 405 (2004); *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1078-79 (7th Cir. 2000) (setting forth the elements of § 2412(d)(1)(A) & (B)). Plaintiff has the burden of "proving that the EAJA fees" he seeks are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); 28 U.S.C. § 2412(d)(1)(B). The amount of the fee award is ultimately a matter "for the court's discretion." *Hensley*, 461 U.S. at 437.

The parties agree that the instant Motion was filed within the requisite period in which to file a petition for fees. *See* 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G). By obtaining a remand, Plaintiff is considered a "prevailing party." *Bassett v. Astrue*, 641 F.3d 857, 859 (7th Cir. 2011). Further, there is no dispute that Plaintiff's net worth does not exceed two million dollars. *See* 28 U.S.C. § 2412(d)(2)(B). The Commissioner does not argue that her position was substantially justified. *See* 28 U.S.C. § 2412(d)(1)(B). The Commissioner's sole objection is to the amount of fees requested. Therefore, the only dispute is whether Plaintiff has met her burden of proving that both the hourly rate requested and the number of hours claimed are reasonable.

<u>A.</u>        <u>Reasonableness of Requested Rate</u>

Plaintiff initially argued that a national prevailing market rate should apply in this case. However, in her reply, Plaintiff stated that she agrees with the Commissioner that the Court should apply a regional prevailing market rate based on the Chicago Consumer Price Index. The EAJA provides that an award of attorney's fees "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The Seventh Circuit Court of Appeals has interpreted this language to mean that an attorney is not "automatic[ally] entitl[ed] to fee enhancements" or adjustments for inflation. *Sprinkle v. Colvin*, 777 F.3d 421, 428 (7th Cir. 2015). Rather, the EAJA's language regarding the cost of living "reflects an assumption that general measures like the [consumer price index] will provide a reasonably accurate measure of the need for an inflation adjustment in most cases." *Id.* For example, a plaintiff may show the effect of inflation on her attorney's abilities to provide adequate legal services by submitting "evidence of his typical hourly rate, how [her] operating costs have been affected by inflation, what competent lawyers in the relevant geographic area charge, or that no qualified attorney would provide representation in comparable cases at the statutory rate." *Walton v. Colvin*, No. 1:12-CV-688, 2013 WL 1438103, at *4 (S.D. Ind. Apr. 9, 2013). The decision to set an hourly rate at the national or regional prevailing rate is left to the discretion of the district court. *Sprinkle*, 777 F.3d at 428, n2.

Taking into account the parties' agreement that the regional prevailing market rate should be applied in this case based on the Chicago Consumer Price Index, the Court in its discretion finds that the Chicago Consumer Price Index is the appropriate. Therefore, Plaintiff has justified her

3

requested hourly rate of $184.00 per hour for attorney's fees and $95.00 per hour for legal assistant fees.

B.        Reasonableness of Hours Expended

The Commissioner contests the 54.6 attorney hours claimed by Plaintiff. The Commissioner specifically argues that Plaintiff should not be awarded more than 30 hours in attorney's fees because the Commissioner offered to remand the case at that point. Plaintiff counters that the 54.6 hours she claims is within the 40-60 hour reference range for Social Security litigation in the Northern District of Indiana and Seventh Circuit for EAJA purposes, and that the work she spent after the Commissioner offered to remand the case should be included in an award because Plaintiff was not only seeking a remand, but also an award of benefits.

A court should exclude from the "fee calculation hours that were not 'reasonably expended.'" *Hensley*, 461 U.S. at 434 (quoting S. Rep. No. 94-1011, p. 6 (1976)); *accord Tchemkou v. Mukasey*, 517 F.3d 506, 510 (7th Cir. 2008). The burden remains with Plaintiff to prove that the hours were "reasonably expended." *Hensley*, 461 U.S. at 437. Additionally, "'[h]ours that are not properly billed to one's *client* are also not properly billed to one's *adversary* pursuant to statutory authority.'" *Id.* at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)) (emphasis in original). Accordingly, a party requesting attorney's fees should make a good-faith effort to exclude hours that are "excessive, redundant, or otherwise unnecessary." *Id.* at 437.

In the instant Motion, Plaintiff has attached a log showing 54.6 attorney hours and 1.0 legal staff hours spent on various tasks related to her appeal. The log included a twenty minute telephonic meeting between Plaintiff and her attorney prior to filing her petition for judicial review to explain appellate procedure and the attorney fee arrangement; 33.7 hours for reviewing the 446-page

administrative record and preparing the opening brief; 2.5 hours reviewing and editing the opening brief; 3.8 hours preparing and editing the reply brief; 1.1 hours preparing the instant EAJA application; and assorted hours for preparation of a sur-reply and other tasks related to Plaintiff's appeal.

The Commissioner objects to the hours Plaintiff claims after the Commissioner offered to remand the case. The Commissioner argues that because the Court found that the terms of the Commissioner's proposed remand language adequately reflected the agreed upon errors in the ALJ's decision, attorney hours spent on the case after the offer to remand were unreasonably expended and unnecessary. However, much of Plaintiff's brief and reply focused on her request for an award of benefits, not remand. Although the Court ultimately adopted the Commissioner's proposed remand language, it also ruled on Plaintiff's request for benefits. Therefore, the case did not end at the Commissioner's offer to remand and the work Plaintiff's attorneys spent after the offer was not unnecessary, and must be considered part of the case as a whole. *See I.N.S. v Jean*, 496 U.S. 154, 162 (1990) (finding that the EAJA favors treating a case as an inclusive whole, "rather than as atomized line-items"). Moreover, the Court finds that the 54.6 hours Plaintiff claims is consistent with Social Security ligation in the Northern District of Indiana and Seventh Circuit. *See Copeland v. Astrue*, No. 2:11-CV-363, 2012 WL 4959482, at *2 (N.D. Ind. Oct. 17, 2012) (opining that 40 to 60 hours is the standard range of attorney hours for Social Security litigation in the Seventh Circuit).

The Commissioner also argues that the hours claimed by Plaintiff for preparation of the opening brief and review of the case 446-page record are excessive. However, the Commissioner offers no support for that argument or cases for the Court to compare this one too. Moreover, the Commissioner overlooks the fact that independent of the length of the case record, Plaintiff's request

for relief in this case was twofold: remand or an award of benefits. The Court finds that Plaintiff's attorney could have reasonably been expected to expend substantial time reviewing the record for support for both requests and drafting Plaintiff's brief and reply.

Finally, the Commissioner challenges the hours Plaintiff seeks for a supervising attorney's work on this case. However, courts have long recognized the propriety of billing for junior and senior attorney hours in EAJA fee requests and "it is entirely appropriate (and indeed reflects the realities of the market) that a senior attorney will guide and advise a junior attorney rather than take the laboring oar with respect to researching and drafting briefs." *Copeland*, 2:11-CV-363, 2012 WL 4959482, at *2 (N.D. Ind. Oct.17, 2012) (quoting *Reed v. Astrue*, 08–5604, 2010 WL 669619, at *3-4 (N.D. Ill. Feb.19, 2010). Moreover, "[r]eview by a senior attorney ensures that the quality of the brief is high and that necessary revisions are made before the brief is filed with the Court." *Kinsey-McHenry v. Colvin*, No. 2:12-CV-332, 2014 WL 1643455, at *3. Crucially, the Commissioner does not assert that the work by the senior attorney was duplicative or redundant. *See, e.g., Perkins v. Colvin*, 10-CV-2204, 2013 WL 6124333, at *6, n. 6 (C.D. Ill. Nov.21, 2013).

Taking into account that Plaintiff's request for attorney hours is consistent with previous awards given in the Northern District of Indiana for work performed in similar Social Security litigation, the Court finds that Plaintiff has demonstrated that her request for 54.6 attorney hours and 1.0 hours of legal assistant time is reasonable.

C.    Supplemental Request

Plaintiff's attorney represents that she spent 3.71 hours drafting the reply brief. At the requested hourly rate of $184.00, this amounts to a supplemental fee request of $570.40. Accordingly, the supplemental request will be incorporated into Plaintiff's EAJA award.

### III. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** Plaintiff's Motion for Attorneys' Fees Under the Equal Access to Justice Act [DE 26] and **ORDERS** that Plaintiff is awarded attorney fees in the total amount of $10,615.45 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. The award shall fully and completely satisfy any and all claims for fees, costs, and/or expenses that may have been payable to Plaintiff in this matter pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

Any fees paid belong to Plaintiff and not her attorney and can be offset to satisfy a pre-existing debt that Plaintiff owes the United States. *Astrue v. Ratliff*, 560 U.S. 586 (2010). If the Commissioner can verify that Plaintiff does not owe any pre-existing debt subject to the offset, the Commissioner will direct that the award be made payable to Plaintiff's attorney pursuant to the EAJA assignment duly signed by Plaintiff and her attorney.

SO ORDERED this 31st day of May, 2016.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record.